1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| NATIONAL LIFE INSURANCE COMPANY; PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                Plaintiffs,<br><br>vs.<br><br>LAWRENCE SAKS, M.D. and DOES 1 - 10, Inclusive,<br><br>                Defendants.<br><br>AND RELATED COUNTER-CLAIM. | CASE NO.: 2:07-cv-03061-GW-SS<br><br>Action Filed : May 9, 2007<br><br>**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF NON-PUBLIC RECORDS OF THE GOVERNMENT**<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL].<br><br>[Lodged concurrently with:<br>- Stipulation.] |
|---|---|

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

# ORDER

Pursuant to stipulation between Counsel for the government and Plaintiffs and Counterdefendants National Life Insurance Company and Provident Life and Accident Insurance Company ("Plaintiffs") and the United States of America (the "government"), and for good cause shown, the Court hereby enters a protective order governing the documents described herein as follows:

1. The government may produce to counsel for Plaintiffs non-public documents, including but not limited to patient medical records of Dr. Saks, law enforcement reports and witness interviews pertaining to Medicare beneficiaries that contain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC numbers), with or without redacting such information from the documents.

2. The government shall identify such information in discovery by using the following designation on the documents, on a diskette cover, or in an accompanying cover letter: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

3. Plaintiffs and their counsel shall use documents that are so designated only for the purpose of this civil case, and they shall not disclose the documents and/or the confidential information contained therein to non-parties, except as needed for the prosecution or defense of the civil case, and only if the non-party agrees, in writing, to be bound by the terms of this protective order prohibiting the disclosure of the documents, or the confidential information contained therein, to other third parties.

4. Within 90 days of the conclusion of this civil case, Plaintiffs shall either (1) return all designated documents (as well as all copies) to the government, or (2) destroy the documents, and any copies of the same, and certify in writing to counsel for the government that the documents have been destroyed.

5. Absent a further order of the Court, designated documents shall not be filed with or submitted to the Court, or reproduced in any court filing, unless the party offering the documents apply to the Court to file them under seal, or all patient-identifying information has been redacted or removed. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.

6. Prior to trial, designated documents shall not be disclosed in open court without prior consideration by the Court as set forth in paragraph 5, above.

**IT IS SO ORDERED**.

DATED: 3/10/11

/S/
_____
HON. SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE