

FILED
CLERK, U.S. DISTRICT COURT

APR 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL LIFE INSURANCE<br>COMPANY, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>LAWRENCE SAKS, et al.,<br><br>                      Defendants. | No. CV 07-3061-GW(SSx)<br><br>**FINAL JURY INSTRUCTIONS** |

## FINAL JURY INSTRUCTIONS

### I. Introduction

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

The following is a brief summary of the positions of the parties in this case:

National Life Insurance Company and Provident Life and Accident Insurance Company ("Plaintiffs") each claim that the Defendant Lawrence Saks ("Defendant") defrauded them by misrepresenting and concealing important information in connection with his claim for disability insurance benefits and that each Plaintiff suffered damages as a result. Each Plaintiff also raises as an affirmative defense to Defendant's claims that Defendant acted with "unclean hands" in his dealings with Plaintiff which should prevent him from recovering on his claims of breach of contract and breach of the covenant of good faith and fair dealing. Plaintiffs have the burden of proving their fraud claim and their defense of unclean hands by a preponderance of the evidence.

Defendant Saks denies the fraud claim and Plaintiffs' defense of unclean hands. He contends that he was entitled to all of the policy benefits Plaintiffs paid him because he was, in fact, totally disabled. He further claims that Plaintiffs unreasonably stopped paying him benefits under the policies in March of 2007 and that he was and continues to qualify for the benefits. Defendant brings two claims: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Defendant has the burden of proving his breach of contract and breach of the implied covenant of good faith and fair dealing claims by a preponderance of the evidence.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it..

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any individual party.

The evidence you are to consider in deciding what the facts are consists of:
    1. the sworn testimony of any witness;
    2. the exhibits which are received into evidence; and
    3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times during the trial is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been. Also, whenever I made a ruling on the evidence, you are not to consider the reasons for the

Court's rulings.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the
things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

The evidence that a witness has been convicted of a crime, lied under oath on a prior occasion, etc., may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

You have heard that Defendant Saks has been convicted of felonies. You were told about the convictions to help you decide whether you should believe Defendant as a witness.

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

-3-

For those jurors who have taken notes during the trial, those notes should only be used to help take the note-taker's own recollection. Whether or not you take notes, you should rely on your own memory of the evidence. You should not be overly influenced by your notes or those of your fellow jurors.

When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

This Court has allowed jurors to propose written questions to witnesses after the lawyers had completed their questioning of each witness. You should not treat questions posed by jurors any differently than questions asked by counsel. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

Do not consider my granting or denying a request for a conference with counsel as any indication of my opinion of the case or of what your verdict should be.

The parties have agreed to certain facts which were read to you and which have been placed in evidence as Exhibit 62. You should therefore treat those facts as having been proved.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## II. Claims and Defenses

### A. Fraud

Plaintiffs claim that Defendant Saks defrauded them by collecting total disability insurance benefits from them to which he was not entitled. To establish their fraud claim, each Plaintiff must prove by a preponderance of the evidence the following:

1. That Defendant represented to Plaintiff that an important fact was true;
2. That Defendant's representation was false;
3. That Defendant knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth;
4. That Defendant intended that Plaintiff to rely on the representation;
5. That Plaintiff reasonably relied on Defendant's representation;
6. That Plaintiff was harmed; and
7. That Plaintiff's reliance on Defendant's representation was a substantial factor in causing its harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

-4-

This Court has already determined, and you must accept as true, the following:
(1) from September 2003 through May 2007, Defendant made false representations to Plaintiffs in connection with his claim for total disability benefits under the disability insurance policies that are the subject of this case; those misrepresentations included that he was performing no work as a plastic surgeon during his claimed disability period when in fact, he actually was performing plastic surgery work during this period, and also included his intentionally and significantly understating to the insurers his true income during his claimed disability period;
(2) Defendant knew that those representations were false, and
(3) Plaintiffs justifiably relied upon Defendant's false representations by paying him total disability benefits under the policies.

Each Plaintiff can also establish the fraud claim by proving that it was harmed because of Defendant's concealing certain important information. To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:
1. (a) That Defendant intentionally failed to disclose an important fact to Plaintiff; or
1. (b) That Defendant disclosed some facts to Plaintiff but intentionally failed to disclose other important facts, making the disclosure deceptive; or
1. (c) That Defendant actively concealed an important fact from Plaintiff or prevented it from discovering that fact;
2. That Plaintiff did not know of the concealed fact;
3. That Defendant intended to deceive Plaintiff by concealing the fact;
4. That Plaintiff reasonably relied on Defendant's deception;
5. That Plaintiff was harmed; and
6. That Defendant's concealment was a substantial factor in causing Plaintiff's harm.
This Court has already determined, and you must accept as true, the following:
(1) Defendant's concealments included his keeping from the insurers the facts that (a) from September 2003 through May 2007, he actually was performing plastic surgery work during this period, and (b) he had a computer database that contained information regarding his patient treatments and billings during his claimed disability period. Defendant was aware at the time that his insurers wanted true and accurate income and patient treatment and billing information; and (2) Plaintiffs' justifiably relied on Defendant's deception by concealment.

If you decide that a Plaintiff has proved its fraud claim against Defendant, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."
The amount of damages must include an award for all harm that Defendant was a substantial factor in causing, even if the particular harm could not have been anticipated. Plaintiff must prove the amount of its damages. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.
In the context of an alleged fraud in the context of a disability claim by an insured person, damages would include the amount of benefits which the insurance company paid to the insured

-5-

which it was not required to pay under the policy as a result of the misrepresentation or concealment.

### B. Unclean Hands

Unclean hands is an equitable doctrine that may bar relief to a party. A party has "unclean hands" when he has acted unfairly, unconscionably or in bad faith in his conduct relating to the claims for which he now comes to the court for relief. The misconduct, which brings the doctrine into operation, must directly relate to the transaction about which the complaint is made. Plaintiffs bear the burden of proving their defense based upon Defendant Saks' "unclean hands" by a preponderance of the evidence.

### C. Breach of Contract

Defendant Saks claims that he and each Plaintiff entered into a contract for disability insurance. Defendant claims that each Plaintiff breached the disability insurance policy by failing to pay him disability benefits after March of 2007. Plaintiffs deny that they breached the disability insurance policies and also claim, as an affirmative defense, that Defendant acted with "unclean hands" in regards to his claims for disability benefits.

To recover damages for breach of contract, Defendant Saks must prove all of the following by a preponderance of the evidence:
1. That he and one of the Plaintiffs entered into a contract;
2. That he did all, or substantially all, of the significant things that the contract required him to do or that he was excused from doing those things;
3. That all conditions required by the contract for the Plaintiff's performance had occurred or were excused;
4. That Plaintiff failed to do something that the contract required it to do; and
5. That Defendant was harmed by that failure.

If you decide that Defendant has proved his claim against a Plaintiff for breach of contract, you also must decide how much money will reasonably compensate him for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Defendant in as good a position as he would have been if Plaintiff had performed as promised.

To recover damages for any harm, Defendant must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Defendant also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

In the context of a claim for breach of contract as to disability insurance benefits, the contract damages are limited to what the insurance company was obligated under the policies to

pay, but has not yet paid.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement. To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must, unreasonably or without proper cause, act or fail to act in a manner that deprives the insured of the benefits of the policy. It is not a mere failure to exercise reasonable care. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

Defendant Saks claims that each Plaintiff breached the obligation of good faith and fair dealing by failing to pay disability benefits due under the insurance policy after March 2007. To establish this claim, Defendant must prove all of the following:
1. That Defendant was totally disabled as defined under an insurance policy with a Plaintiff; *Plaintiff*
2. That ~~Defendant~~ was notified of the total disability;
3. That Plaintiff unreasonably or without proper cause, stopped payment of disability benefits under the policy;
4. That Defendant was harmed; and
5. That Plaintiff's failure to continue payments of policy benefits was a substantial factor in causing Defendant's harm.

Defendant also claims that Plaintiffs acted unreasonably or without proper cause because ~~if~~ it failed to conduct a full, fair, and thorough investigation of all of the bases of the claim. When investigating Defendant's claim of total disability, each Plaintiff had a duty to diligently search for and consider evidence that supported coverage of the claimed disability.

In determining whether a Plaintiff acted unreasonably or without proper cause, you may consider whether the Plaintiff did any of the following:
(a) Misrepresented to Defendant relevant facts or insurance policy provisions relating to any coverage at issue.
(b) Failed to acknowledge and act reasonably promptly after receiving communications about Defendant's claim arising under the insurance policy.
(c) Failed to promptly investigate Defendant's claims arising under its insurance policies.
(d) Failed to promptly provide a reasonable explanation of its reasons for denying the claim ~~settlement~~ based on the provisions of the insurance policy in relation to the facts or applicable law.

The presence or absence of any of these factors alone is not enough to determine whether a Plaintiff's conduct was or was not unreasonable or without proper cause. You must consider a Plaintiff's conduct as a whole in making this determination.

If you decide that Defendant has proved his breach of the implied convenant of good faith and fair dealing claim against a Plaintiff, you also must decide how much money will reasonably compensate him for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by the Plaintiff, even if the particular harm could not have been anticipated.

Defendant must prove the amount of his damages. However, he does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following damage is claimed by Defendant as a result of Plaintiffs' purported breach of the covenant: Mental suffering/anxiety/humiliation/emotional distress.

No fixed standard exists for deciding the amount of damages for mental suffering/ emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

## III.  Concluding instructions

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter

-8-

and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you. Please follow the instructions on the form with care. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

You will be permitted to separate at the recesses. During your absence, the courtroom may be locked although you can get access to the jury room. During any recess, you are not to talk about the case with anyone, and you are not to deliberate until all eight of you are back together in the jury room. While you are in deliberations, the starting time each morning will be 8:45 a.m. and the stopping time will be 5:15 p.m.